UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 0 9 2019

Joseph Allan Cunningham

        Debtor,

Joseph Allan Cunningham,

        Appellant,

-v-

Gregory Funding,

        Appellee.

19-cv-5480 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    On November 1, 2019, the Court received Appellant Cunningham's request for a temporary restraining order (TRO) and preliminary injunction. Dkt. No. 19. An attachment to a later filing suggests that the Sheriff of New Castle County, Delaware is auctioning property owned by Cunningham on November 12, 2019. Dkt. No. 20. Cunningham seeks to enjoin that sale. Appellee Gregory Funding argues that the Court should deny Cunningham's request for injunctive relief. Dkt. Nos. 23, 24.

    A movant seeking a preliminary injunction or a TRO must demonstrate: "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37

(2d Cir. 2018). District courts exercise broad discretion in determining whether to grant a preliminary injunction. *See Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 511 (2d Cir. 2005). A motion for a temporary restraining order or a preliminary injunction seeks "an extraordinary and drastic remedy" and should not be granted "unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139 (2d Cir. 2007).

Cunningham has not carried his burden on any of the three requirements. A party generally does not suffer irreparable harm if monetary damages can remedy his injury, and here Cunningham does not explain why, in the event he prevails in this appeal, a later grant of monetary damages would not be sufficient remedy. He also has not demonstrated serious questions regarding the merits, let alone a likelihood of success on the merits, of this appeal or explained why injunctive relief is in the public interest. Cunningham's filings contain no legal analysis or justification for why the Court should grant him injunctive relief, and so he has not met his burden of persuasion.

Parties seeking a TRO or a preliminary injunction must also comply with Federal Rule of Civil Procedure 65. Rule 65(c) states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Here, Cunningham has failed to post any such security, and has not given the Court any reason to overlook this procedural defect. *See Parker v. DeBuono*, 2000 WL 223841, at *1 (S.D.N.Y. Feb. 25, 2000) ("Even though *pro se* litigants are generally offered wider latitude than those represented by an attorney . . . they are still required to follow

the Federal Rules of Civil Procedure."), *aff'd sub nom. Parker v. Com'r DeBuono*, 242 F.3d 366 (2d Cir. 2000).

In short, Cunningham has neither met his burden of persuasion nor posted the bond required for this form of relief. His request for a TRO and preliminary injunction is therefore DENIED. Given the time-sensitive nature of this request, Chambers will email the pro se Appellant a copy of this Order. Chambers will also mail him a copy of the Order and note that mailing on the public docket.

SO ORDERED:

Dated: November 9, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge